UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMMAD A. AZAD,
                          Plaintiff,

                -v-

LOUIS A. MOLINA, *et al.*,
                          Defendants.

24-CV-1623 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff Mohammad A. Azad, proceeding *pro se*, brings this action alleging violations of his Fourteenth Amendment right to procedural due process, his Sixth Amendment "right to know who his accusers were," as well as various local laws and mayoral executive orders, stemming from his termination from the City of New York's Department of Correction ("DOC"). (*See* ECF No. 44 ("AC") ¶¶ 6, 216.) While the DOC terminated Azad for excessive absences (*id.* ¶¶ 4, 28), Azad alleges that the sick leave he took was due to an injury he experienced on the job, and that his absences were permitted by his union's collective bargaining agreement (*id.* ¶¶ 29, 65-67).

      Before the Court is a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure filed by Defendants Peter Troxler, Joey Jackson, and Joey Jackson Law, PLLC ("Moving Defendants"). (ECF No. 19.)

      Pursuant to Rule 11(b), a party filing a pleading in federal court certifies that "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; "(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and "(3) the factual contentions have

1

evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b).  Moving Defendants are correct that "[a]lthough courts may afford them greater leniency, *pro se* litigants are not immune from Rule 11 sanctions." *Ferguson v. Comm'r of Tax & Fin.*, 739 F. App'x 19, 22 (2d Cir. 2018) (summary order) (citing *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989)).  While the decision to impose such sanctions "is uniquely within the province of a district court," the Second Circuit has nevertheless cautioned that the decision to impose Rule 11 sanctions must be "made with restraint and discretion." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999).

Moving Defendants first argue that Rule 11 sanctions are warranted because Azad's legal arguments are not supported by existing law and because the complaint had no other purpose "than to harass Defendants with frivolous claims." (ECF No. 20 ("Mem.") at 7, 13.)  In ordering sanctions for meritless pleadings, "[t]he operative question is whether the argument is frivolous, i.e., the legal position has no chance of success, and there is no reasonable argument to extend, modify or reverse the law as it stands." *Fishoff v. Coty Inc.*, 634 F.3d 647 (2d Cir. 2011) (quotation marks omitted).  Such is not the case here.

Moving Defendants contend that Azad's New York State Civil Service Law Section 75 claim is frivolous because his annual absences clearly violated the DOC policy on sick leave. (Mem. at 13-15.)  However, Azad argues in his amended complaint that his sick leave stemmed from an on-the-job injury (AC ¶¶ 64-66), which Moving Defendants admit can be excluded from the DOC's termination policy (Mem. at 14).  And while Moving Defendants cite a number of administrative adjudications upholding the termination of DOC employees who took excessive

2

sick leave after facing work-induced injuries (*id.* at 14-16), they have not identified binding authority for this Court indicating that Azad's claims lack any chance of success.

Moving Defendants also allege that Azad's Fourteenth Amendment claim is frivolous because "Defendants are private parties, not subject to suit under Section 1983."[1] (*Id.* at 21.) However, Azad has alleged that "Jackson and Jackson law firm along with Def. Troxler participated in the falsification of business records in the docketing of DOC DR No. 2113/2022 at OATH." (AC ¶ 154.) Such an allegation potentially implicates joint activity and Section 1983 conspiracy, both of which can cause state action to attach to private parties. *See, e.g.*, *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002).

Further, Moving Defendants fail to identify any evidence of Azad's alleged motivation to harass them by filing suit other than their repeated allegation that his claims are "frivolous" because they "are not supported by existing law." (Mem. at 7.) Because Azad has put forward sufficient facts to show that his legal arguments are not obviously baseless, the Court declines to impose sanctions on Azad for filing wholly frivolous claims.[2]

---

[1] While Moving Defendants allege that Azad's Fourteenth Amendment claims are frivolous, they do not allege that Azad's Sixth Amendment claims are. Because Azad is litigating a civil case, the protections of the Sixth Amendment do not apply to him. *Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases."). However, because Azad's other claims are not completely baseless, and understanding that a *pro se* litigant may not understand his constitutional rights in the same way a trained attorney would, the Court declines to impose sanctions for this oversight *sua sponte*.

[2] Moving Defendants and the City of New York have also filed motions to dismiss for failure to state a claim in this matter. (ECF Nos. 51, 54.) Though the Court holds today that Azad's claims are not completely frivolous and thus his filings do not merit the drastic measure of sanctions, the Court makes no determination about whether Azad's claims will survive challenges under Federal Rule of Civil Procedure 12(b)(6). The standard for imposing sanctions pursuant to Rule 11 and the standard for dismissing a case for failure to state a claim are not identical. *Compare* Fed. R. Civ. P. 11(b) *with* Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Moving Defendants also ask the Court to impose sanctions on Azad in order to deter litigation from future clients of Wayne Tatum, "a former COBA delegate who owns a labor relations consulting business," with whom Azad consulted before filing suit. (*Id.* at 9, 23-25.) However, Azad is correct that "Mr. Tatum is not a party to this action." (ECF No. 45 ¶ 11.) Moving Defendants have not identified any case law holding that a district court should sanction a *pro se* plaintiff for seeking advice from a non-lawyer third-party. Moving Defendants allege that Tatum is also advising several other litigants who have sued Moving Defendants. (Mem. at 24.) But it would be unjust for the Court to sanction Azad to try and indirectly punish Tatum. Moving Defendants have not alleged that Azad has filed a deluge of frivolous lawsuits against them, and the Court refuses to sanction Azad for actions outside his control.

Moving Defendants' motion for sanctions is therefore denied.

The Clerk of Court is directed to close the motion at Docket Number 19.

SO ORDERED.

Dated: February 11, 2025
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

4