UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMMAD A. AZAD,
                Plaintiff,

-v-

LOUIS A. MOLINA, *et al.*,
                Defendants.

24-CV-1623 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff Mohammad A. Azad, proceeding *pro se*, moved for leave to amend his complaint a second time on March 24, 2025, to add state law claims, to more concisely plead material facts, to remove his Sixth Amendment claim, and to dismiss the case as to Defendant Eric Adams. (ECF No. 69 at 1.) The City of New York and city employee Defendants (together "City Defendants") opposed the motion the following day, arguing that Azad's request was "unreasonably delayed, made in bad faith," and that it would "prejudice City Defendants." (ECF No. 70 at 2.)

    A party "may amend its pleading only with the opposing party's written consent or the court's leave," which is to be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court may deny a motion for leave to amend for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). "In determining what constitutes 'prejudice,' we consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or

1

(iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

The Court agrees with City Defendants that Azad's request to amend his complaint a second time was unduly delayed and that there would be prejudice to Defendants if the Court granted his motion. The Court is sympathetic to a *pro se* Plaintiff who lacks the support and guidance of counsel. However, Azad as the movant "bears the burden of explaining any delay in seeking leave to amend," *Morgan Art Found. Ltd. v. McKenzie*, No. 18-CV-4438, 2021 WL 863264, at *6 (S.D.N.Y. Jan. 22, 2021) (Moses, Mag. J.), and he has failed to explain why he waited nearly five months to move to amend his complaint a second time, notably after Defendants had all re-briefed their motions to dismiss (*see* ECF Nos. 51, 54, 64). Permitting Azad to amend his complaint a second time would trigger a third round of motions from Defendants and delay the resolution of this case by months longer than it has already been extended. Such an extension causes delay to the Court's docket and permitting Azad "to get a third bite at the apple" prejudices Defendants (*see* ECF No. 70 at 3).

Azad's motion to amend is therefore DENIED.

Should Azad wish to voluntarily dismiss the case as to Defendant Adams, he may do so in a letter to the Court.

Azad shall oppose Defendants' motions to dismiss his amended complaint by April 14, 2025, or those motions will be considered unopposed.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: April 1, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge